UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| LYNN H. THORNBURG, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:99CV290-V P |
| | ) | |
| v. | ) | |
| | ) | |
| BRANCH BANKING AND TRUST | ) | MEMORANDUM IN SUPPORT OF |
| COMPANY and STEVEN NADOLNY, | ) | DEFENDANTS' MOTION TO |
| | ) | COMPEL PRODUCTION OF |
| Defendants. | ) | DOCUMENTS |
| | ) | |

## I. INTRODUCTION

Defendants Branch Banking and Trust Company, Inc. ("BB&T") and Steven Nadolny ("Nadolny")(also jointly referred to as "Defendants") have moved this Court to enter an Order compelling Plaintiff Lynn H. Thornburg ("Plaintiff") to produce seventeen (17) pages of type-written notes she provided Dr. H. D. Kirkpatrick, who Plaintiff has retained to provide expert testimony regarding her mental and/or emotional condition. Despite repeated requests from Defendants' counsel, Plaintiff's counsel has refused to turn over these notes, claiming that the notes are immune from disclosure as "work product" and or documents "prepared for, and in the course of, litigation." For the reasons set forth below, however, the Federal Rules of Civil Procedure require that Plaintiff produce these notes, as any immunity or privilege that may have attached to them has been waived because Plaintiff provided these notes to her expert witness. Accordingly, Defendants' Motion is due to be granted.

## II. BACKGROUND FACTS

Plaintiff alleges causes of action against Defendants for sexual harassment, sex and age discrimination, retaliatory discharge, wrongful discharge, and the intentional infliction of emotional

distress. As part of these causes(s) of action, Plaintiff alleges that she has suffered embarrassment, humiliation, and emotional distress because of Defendants' actions.

Pursuant to the Scheduling Order entered by Judge Horn in this case, Plaintiff was required to disclose the identity of any expert witnesses and furnish reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by February 1, 2000. Although Plaintiff timely designated Dr. Kirkpatrick as her expert, Defendants allowed Plaintiff an extension of time in which to produce his report. On March 20, 2000, Plaintiff forwarded that report to Defendants. **(A copy of Dr. Kirkpatrick's report is attached as Exhibit A).**

In his report, Dr. Kirkpatrick states that Plaintiff's counsel contacted him for the purpose of evaluating Plaintiff and providing expert testimony as to her mental/emotional state. In formulating his opinions, Dr. H. D. Kirkpatrick states that he reviewed numerous materials provided him by Plaintiff and/or her counsel, including the seventeen (17) pages of typed notes that Plaintiff prepared. Dr. Kirkpatrick expressly stated that he relied on the typed notes in question in preparing his opinions. Plaintiff claims that the notes were "prepared in the course of litigation" and thus are not subject to disclosure. Specifically, Plaintiff claims that the notes consist primarily of draft answers to Defendants' discovery, and answers to other questions asked by Plaintiff's counsel. [1]

---

[1] Despite the assertions of Plaintiff's counsel, the precise nature of these notes is unclear. During Plaintiff's deposition on July 12, 2000, Plaintiff testified upon cross-examination that she completed the typed written notes at the request of Dr. Kirkpatrick. On direct examination based on leading questions from her own counsel, Plaintiff testified that the notes were prepared at the request of her counsel, and that her counsel provided the notes to Dr. Kirkpatrick. In a January 20th letter to Dr. Kirkpatrick from Plaintiff's counsel, however, Plaintiff's counsel encloses documents to Dr. Kirkpatrick in the formulation of his report, but the letter makes no mention of the notes that Plaintiff attempts to shield from disclosure in this matter. **(See January 20, 2000 letter from Jennifer A. Young to Dr. H. D. Kirkpatrick, attached as Exhibit B).**

2

## III. ARGUMENT

### Because Plaintiff's Expert Witness Reviewed Plaintiff's Notes In Formulating His Opinions, The Notes Are Due To Be Produced

Even if, as Plaintiff claims, the notes constitute work product and/or were prepared in anticipation of litigation, Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure mandates their disclosure, as Plaintiff has provided them to a witness who designated to testify in this matter. In this regard, the 1993 amendments to FED. R. CIV. P. 26(a)(2)(B) directly address the issue of disclosure of materials relied on by expert witnesses, and mandate, *inter alia*, disclosure of information about the expert, preparation of a written report, and the disclosure of all "the data or other information considered by the witness in forming the opinions." Id. In essence, the provision provides for mandatory disclosure of all materials reviewed by a testifying expert witness in formulating his report/opinion(s). In this case, Dr. Kirkpatrick listed the materials he reviewed and relied upon in forming his opinions and the seventeen (17) pages of typed notes prepared by Plaintiff are listed among those items. Hence, the notes clearly fall within ambit of the disclosure mandate of Rule 26(a)(2)(B).

In fact, the commentary contained in the Advisory Committee Notes to the 1993 amendment of FED. R. CIV. P. 26(a)(2)(B) all but disposes of this issue, as it states that "given this obligation of disclosure, *litigants should no longer be able to argue that materials furnished their experts to be used in forming their opinions -- whether or not ultimately relied upon by the expert -- are privileged or otherwise protected from disclosure* when such persons are testifying or being deposed." Advisory Comm. Notes on 1993 Amendment to FED. R. CIV. P. 26(a)(2)(B) (emphasis added). See also 8 CHARLES A. WRIGHT, et. al., FEDERAL PRACTICE AND PROCEDURE § 2016.2, at

3

250 (1994) ("At least with respect to experts who testify at trial, the disclosure requirement of 26(a)(2), adopted in 1993, was intended to pretermit further discussion and mandate disclosure despite [the work product] privilege."); see also Johnson v. Gmeinder, 191 F.R.D. 638 (D. Kan. 2000) (emphasizing the Supreme Court decisions mandating that courts give deference to Advisory Committee Notes for the Fed. R. Civ. P. and observing that the majority of court decisions handed down since the 1993 amendment have held the disclosure of information to an expert waives any privilege once attached to the materials; Karn v. Ingersoll Rand, 168 F.R.D. 633, 639 (N.D. Ind. 1996) ("[N]ew Rule 26 and its supporting commentary reveal that the drafters considered the imperfect alignment between 26(b)(3) and 26(b)(4) under the old Rule, and clearly resolved it by providing that the requirements of (a)(2) 'trump' any assertion of work product or privilege.").

While the Fourth Circuit Court of Appeals has not directly addressed the specific issue of waiver and Rule 26(a)(2)(B), two district court cases from the Fourth Circuit show clearly that the notes in this case would be subject to disclosure. In Ladd Furniture v. Earnst & Young, 1998 U.S. Dist. LEXIS 17345 (M.D.N.C. 1998), the defendant requested discovery of attorney-expert communications utilized by the expert in formulating his opinion. The court reviewed the documents *in camera* and concluded that with the exception of one document, the materials were no longer privileged given their disclosure to the expert. Id. at *39. In so holding, the court drew the distinction between "opinion" work product (that contains an attorney's mental impressions, conclusions, legal theories) and "fact" work product (that does not contain an attorney's theories or strategies), and essentially held that disclosure of "fact" work product to a testifying expert is subject to discovery and waives the work product and/or "prepared in anticipation of litigation" protection. Id.; see also B.F.C. Oil Refining v. Consolidated Edison Co. of N.Y.U., 171 F.R.D. 57 (S.D. N.Y.

4

1997. ) (documents that relayed facts which the expert was presumably expected to consider were subject to disclosure).

Other courts have even held that opinion work product, if disclosed to an expert, is subject to discovery. See Vaughan Furniture Co., Inc. v. Featureline Mfg., 156 F.R.D. 123 128-29 (M.D. N.C. 1994)(attorney who was designated expert witness must produce the documents provided him or her in the process of formulating the expert opinion, including documents containing opinions); Musselman v. Phillips, 176 F.R.D. 194 (D. Md. 1997)(when an attorney communicates otherwise protected work product to an expert witness retained for the purposes of providing opinion testimony at trial -- whether factual in nature or containing the attorney's opinions or impressions -- that information is discoverable if it is considered by the expert); Barna v. United States, 1997 U.S. Dist. LEXIS 10853, (N.D. Ill. July 28, 1997) (holding information considered by an expert in forming his or her opinions is discoverable, even if the information contains attorney opinion work product).

Thus, the weight of authority amply shows that even if the notes were somehow subject to the protections of the "work-product" doctrine or were otherwise immune from disclosure as "prepared during the course of litigation," the notes would lose such immunity because Dr. Kirkpatrick reviewed them when formulating his opinions. This is universally true with respect to "fact" work product, and many courts would require disclosure of "opinion" work product as well.

In this case, however, it is clear that the notes contain no mental impressions, strategies, or theories of Plaintiff's counsel, but instead contain **Plaintiff's** version of events that happened during her employment and/or that form the basis of her lawsuit. To the extent that these notes are work-product of any nature, they clearly constitute "fact" work product, of which courts have universally required disclosure if an expert witness has relied upon them.

5

Curiously, in correspondence to Defendant's counsel, Plaintiff has, in support of her position that the notes are not subject to disclosure, cited to Ladd and Vaughan. **(See July 11 letter from David C. Cordes, attached as "Exhibit C").** Plaintiff's reliance on these cases is misplaced. To the extent that Ladd stands for the proposition that attorney opinion work product is subject to protection even if disclosed to an expert witness, it is clear that the notes Plaintiff prepared do not contain attorney opinion work product, but merely facts in response to Defendants' written discovery and/or her own counsel's questions. Indeed, the Ladd Court would likely hold that the notes at issue in this case **are** subject to disclosure.

As for Vaughan, the expert witness at issue in that case was the attorney and the court was addressing whether documents the attorney had in his or her possession and/or reviewed for matters other than his expert testimony were subject to disclosure. Vaughan, 156 F.R.D. at 128-29. The court held that those documents were not subject to disclosure. Id. at 129.

In this case, on the other hand, Dr. Kirkpatrick expressly states that he reviewed the typed notes that Plaintiff provided him in formulating his opinions. Clearly, these notes cannot be "unrelated" to the subject matter of Dr. Kirkpatrick's opinion. In short, the proposition for which Plaintiff cites Vaughan does not apply in this case.

## IV. CONCLUSION

Plaintiff has placed the seventeen (17) pages of typed notes at issue, as evidenced by their inclusion in Dr. Kirkpatrick's expert report. Notwithstanding any protection to which these notes might otherwise be entitled, disclosure of the notes to her expert witness waived any such protection. To allow Plaintiff to shield these notes from disclosure would thwart the very purpose behind the 1993 amendments to Rule 26(a)(2)(B), which was to provide for full discovery of information

6

Case 3:99-cv-00290-RDP-CH   Document 24   Filed 08/10/00   Page 6 of 9

provided to expert witnesses. Accordingly, these notes must be produced. For the foregoing reasons, Defendants respectfully requests that this Court grant their Motion to Compel and enter an order directing Plaintiff to produce the requested documents, and pursuant to Fed.R.Civ.P. 37(a), order Plaintiff to pay reasonable costs and attorney's fees.

Respectfully submitted this 9th day of August, 2000.

_____
Edward Katze
Georgia Bar No. 409075
Timothy R. Newton
Georgia Bar No. 542200

**CONSTANGY, BROOKS & SMITH, LLC**
230 Peachtree Street, N.W., Suite 2400
Atlanta, Georgia 30303-1557
(404) 525-8622

_____
W. Randolph Loftis
North Carolina Bar No. 2774

**CONSTANGY, BROOKS & SMITH, LLC**
101 South Stratford Road, Suite 300
Winston-Salem, North Carolina 27104-4224
(336) 721-1001

ATTORNEYS FOR DEFENDANT BRANCH BANKING & TRUST COMPANY, INC.

_____
Louis L. Lesesne, Jr.
North Carolina Bar No. 6723

**LESESNE & CONNETTE**
1001 Elizabeth Avenue, Suite 1-D
Charlotte, NC 28204-2234
(770) 372-5700

ATTORNEY FOR DEFENDANT STEVEN NADOLNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| LYNN H. THORNBURG, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. 3:99CV290-V |
| v. | ) | |
| | ) | |
| BRANCH BANKING AND TRUST | ) | CERTIFICATE OF SERVICE |
| COMPANY and STEVEN NADOLNY, | ) | |
| | ) | |
| Defendant. | ) | |

This is to certify that the undersigned has this day served Memorandum In Support of Defendants' Motion to Compel on counsel of record for all parties by having a copy of same deposited in the United States Mail in an envelope, with adequate First Class Postage affixed thereon, properly addressed as follows:

> William K. Diehl, Jr.
> David C. Cordes
> **JAMES, McELROY & DIEHL, P.A.**
> 600 South College Street, Suite 3000
> Charlotte, NC 28202

This 9th day of August, 2000.

_____
Timothy R. Newton

**CONSTANGY, BROOKS & SMITH, LLC**
230 Peachtree Street, N.W., Suite 2400
Atlanta, Georgia 30303-1557
(404) 525-8622

8

# NOTE:

# THIS IS A PARTIALLY SCANNED DOCUMENT.

# PLEASE SEE THE CASE FILE FOR ATTACHMENTS, EXHIBITS, AFFIDAVITS OR OTHER MATERIAL WHICH HAS NOT BEEN SCANNED.